**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
Roanoke Division

| | |
|---|---|
| TECHNOLOGY REVELATIONS, INC. d/b/a TECHREV,<br><br>　　Plaintiff,<br><br>v.<br><br>PERATON, INC., and NORTHROP GRUMMAN INFORMATION SYSTEMS, a unit of Northrop Grumman<br><br>　　Defendants | Case No. 7:21-CV-518 |

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Nicholas M. DePalma (Va. 72886)
Taylor S. Chapman (Va. 81968)
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Tysons Corner, VA 22182
(703) 905-1455 (Direct)
(703) 821-8949 (Facsimile)
nmdepalma@venable.com
tschapman@venable.com

*Counsel for Defendants*

## Table of Contents

Introduction ................................................................................................................... 1

Argument ....................................................................................................................... 2

I.     TechRev is wrong to argue that a forum selection clause waives any objection to the wrong district within a Commonwealth or State—to the contrary—the Supreme Court and the Fourth Circuit recognize that 28 U.S.C. § 1391 applies regardless of any forum selection clause ....................................... 2

II.    TechRev is wrong to argue that Peraton "cannot raise convenience factors for transfer" under 28 U.S.C. § 1404(a)—to the contrary—the Supreme Court in *Atl. Marine* forbids only consideration of convenience factors outside of the chosen forum ...................................................................................... 5

III.   The Court should decline to consider TechRev's new asserted breaches that it did not allege in Count I because they are not adequately pled ............................. 7

IV.   TechRev fails to distinguish *Skillstorm* and cannot, therefore, plausibly allege a claim for breach of the implied covenant of good faith and fair dealing ............................................................................................................. 8

Conclusion ................................................................................................................... 10

## Introduction

Regarding venue, nothing connects the subject matter of this claim, or the parties to it, to the Western District. Thus, the Virginia forum selection clause requires that this case be heard in the Eastern District under 28 U.S.C. § 1391 or, in the alternative, under 28 U.S.C. § 1404(a). TechRev does not dispute the fact that there is no connection to the Western District. Instead, TechRev argues that a Virginia forum selection clause means that it can pick any District, regardless of whether it lacks a connection to the case. TechRev relies on the Supreme Court case of *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49 (2013). That case, however, stands for the opposite point. There, the Court held that whether venue is "wrong" or "improper" is governed by 28 U.S.C. § 1391, "irrespective of any forum-selection clause." *Id.* at 56-57. The Eastern District and the Western District are not fungible—they are separate districts inside this Commonwealth. Consenting to suit in Virginia is not the same thing as consenting to every theoretical venue in Virginia (for example, in Virginia Beach Circuit Court or in Suffolk County Circuit Court).

Regarding TechRev's failure to state a claim, TechRev's Complaint alleges that Peraton "began eliminating the positions of Plaintiff's key personnel." Compl. ¶ 34. Peraton demonstrated that TechRev could not state a claim for breach of the implied covenant because Peraton had the contractual right to remove TechRev's personnel, and nothing in the Complaint gives rise to a plausible allegation of bad faith. TechRev now argues that it can state a claim for breach of the implied covenant notwithstanding Virginia law, and further that TechRev intended to plead additional breaches (violating a non-solicitation clause and failing to engage in good faith discussions). But TechRev is wrong on the law and its additional "breaches" are not alleged and not specified in Count I of the Complaint.

**Argument**

I.  **TechRev is wrong to argue that a forum selection clause waives any objection to the wrong district within a Commonwealth or State—to the contrary—the Supreme Court and the Fourth Circuit recognize that 28 U.S.C. § 1391 applies regardless of any forum selection clause**

Peraton argued in its opening papers that this case has "no connection to the Western District" and that this Court must treat the Western District and the Eastern District as separate states under 28 U.S.C. § 1391(b), (c)(2), and (d). ECF No. 18 at 7. To that point, the venue statute specifically refers to a "judicial *district*" in which a defendant resides (1391(b) (emphasis added)), a "judicial *district* in which such defendant is subject to the court's personal jurisdiction" (1391(c)(2) (emphasis added)), and that "in a State which has more than one judicial district … such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction *if that district were a separate State* …." 1391(d) (emphasis added).

In opposition, TechRev argues that "Peraton overlooked the impact of the forum selection clause, which waived any objection to venue in the Western District." ECF No. 23 at 10. Peraton did not overlook the forum selection clause. Rather, Peraton recognized that the forum selection clause requires a Virginia forum—but argued (truthfully and correctly) that there is no connection to this District under 28 U.S.C. § 1391. Because the Court must treat the Western District as a separate state from the Eastern District, and because there is no connection to the Western District, this Court should dismiss this matter for improper venue.

TechRev relies on *Atl. Marine*, but seems to have missed the holding in that case. In *Atl. Marine*, the Court addressed the impact of forum selection clauses on a court's venue analysis. *See* 571 U.S. 49. There, the plaintiff filed suit in Texas despite the contract at issue having a Virginia forum selection clause. *Id.* at 53. The defendant moved to dismiss under Rule 12(b)(3) and §

1406(a). *Id.* The Court addressed two issues: (1) how to determine whether venue is improper and, relatedly, whether a forum selection clause impacts this analysis; and (2) how parties and courts should enforce a forum selection clause. *See id.* at 55-61. The first issue involved § 1391; the second, § 1404. The Court set forth distinct analyses for each section.

For § 1391, the Court held that whether venue is improper is governed by § 1391 "***irrespective*** of any forum-selection clause." *Id.* at 57 (emphasis added). The word "irrespective" shows that courts must evaluate motions to dismiss under § 1391 not—as TechRev claims—with reference to forum selection clauses—but expressly excluding reference to them. *Id.* As the Fourth Circuit has recognized, "[w]hether venue is … improper depends exclusively on whether the court in which the case was brought satisfies the requirements of § 1391(b); a forum selection clause has ***no effect*** on the inquiry." *Devil's Advoc., LLC v. Grynberg Petroleum Co.,* 588 F. App'x 264 (4th Cir. 2014) (emphasis added) (second alteration in original) (internal quotation marks omitted). This is fatal to TechRev's argument, because TechRev's argument against dismissal under § 1391 depends solely on the application of a forum selection clause.

None of TechRev's cases support its waiver argument because every case involves a party moving to transfer to a jurisdiction beyond the chosen forum—not to a different district within the appropriate jurisdiction. None of TechRev's cases address the appropriateness of a district inside of a given forum—which is the analysis required by § 1391. For example, in *Atl. Marine*, the plaintiff filed in ***Texas*** and the defendant moved to dismiss the case for improper venue under § 1406(a) based on a ***Virginia*** forum selection clause and alternatively, to transfer under § 1404(a). 571 U.S. at 53. The Supreme Court held that the correct mechanism for enforcing a forum selection clause was § 1404(a) and not Rule 12(b)(3) and § 1406(a) and remanded the case for further § 1404(a) analysis. *Id.* at 59-60. In *Howmedica*, the plaintiff filed in New Jersey when there was a

*New Jersey* forum selection clause and the defendant moved to transfer to *California*. *Howmedica Osteonics Corp. v. Howard*, No. 19-19254 (SDW) (LDW), 2020 WL 1102494, at *1-2 (D. N.J. Jan. 17, 2020). The court denied the motion based on the forum selection clause. *Id.* at *5-7. Similarly, in *Servpro Indus.*, the plaintiff filed in Tennessee with a *Tennessee* forum selection clause and the defendant moved to dismiss or transfer to *California*. *Servpro Indus., Inc. v. JP Penn Restoration Servs.*, No. 3-16-0298, 2016 WL 5109947, at *1 (M.D. Tenn. Sept. 20, 2016). The court denied the motion based on the forum selection clause. *Id.* at *3-4.

The remaining cases relied upon by TechRev are wholly inapposite. For example, in *D.H. Blair & Co., Inc. v. Gottdiener,* the court held that venue was proper in New York under § 1391 ***irrespective of the forum selection*** clause because a substantial part of the events occurred in New York. 462 F.3d 95, 105-106 (2d Cir. 2006). *See also Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165 (1939) (no forum selection clause at issue and discussing service of process on a corporation); *Peck v. U.S. Dep't of Labor, Admin. Rev. Bd.*, 996 F.3d 224, 228 (4th Cir. 2021) (defendant waived venue issue in its briefing); *Senitha v. Robertson*, 45 F.2d 51, 54 (4th Cir. 1931) (court held that the defendant waived his ability to challenge venue when he defaulted by failing to file a responsive pleading); *Consulting Eng'rs Corp. v. Geometric Ltd.,* 561 F.3d 273, 281 n.11 (4th Cir. 2009) ("not[ing] in passing" that a forum selection clause may waive objections to personal jurisdiction). None of these cases support TechRev's argument because none of them involve selecting the appropriate venue within the bounds of a forum selection clause.

Here, the forum selection clause specifies "Virginia"—it does not specify a particular district. The requirements of § 1391 are not met in the Western District (although they are met in the Eastern District). Accordingly, the Court should dismiss this case for improper venue.

## II. TechRev is wrong to argue that Peraton "cannot raise convenience factors for transfer" under 28 U.S.C. § 1404(a)—to the contrary—the Supreme Court in *Atl. Marine* forbids only consideration of convenience factors outside of the chosen forum

Peraton explained in its opening papers that if the Court denies Peraton's motion to dismiss for improper venue, then the Court should nonetheless transfer this case to the Eastern District for the convenience of parties and witnesses and in the interests of justice. ECF No. 18 at 9. Peraton explained that none of the private or public factors weighed in favor of keeping this case in the Western District because there is no connection to this forum. *Id.* at 9-12.

At the outset, TechRev mistakenly argues that "the forum selection clause designate[s] the Western District as an appropriate forum for litigation." ECF No. 23 at 14. TechRev's assertion is not true—in fact, the forum selection clause does not mention the Western District, but states that "[a]ny legal action shall be brought in a court of competent jurisdiction in Virginia." Compl. Ex. A, Terms & Conditions at Clause No. 43. The contract does not say which court—therefore, that factor is necessarily left to traditional venue analyses.

On that point, TechRev again argues that the forum selection clause somehow moots these factors. ECF No. 23 at 13 (arguing that "[p]rivate interests should not be considered when there is a valid forum selection clause …"). Not true. The Court in *Atl. Marine* specifically held that courts should "deem the private-interest factors to weigh entirely in favor of the preselected forum." 571 U.S. at 64. The Court did not—as TechRev incorrectly argues—preclude consideration of private interest factors for a motion to transfer to a different judicial district *inside* of the preselected forum. The Court precluded consideration of private interest factors only where one party is "defying the forum-selection clause." *Id.* at 63. Here, no party is defying the forum selection clause because both parties (TechRev and Peraton) agree that this case must be heard in Virginia. The only question is whether it should be heard in the Eastern or Western District. This question is not answered by the forum selection clause.

With this point of law addressed, the private and public factors weigh heavily in favor of transfer. TechRev concedes that there is no relationship to the Western District—except that the Western District happens to be in Virginia (just like hundreds of other courts with no connection to this dispute). *See* ECF No. 23 at 14 (TechRev acknowledging that no "substantial parts of this case occurred in … the Western District"). TechRev's argument that "systemic integrity" is neutral (*id.* at 15) is unpersuasive because Defendants are headquartered in the Eastern District—not in this District—and the Eastern District has the greater interest. TechRev's argument that the controversy is not local to the Eastern District is also unpersuasive because Defendants are headquartered there and this is a contractual dispute with no connection to the Western District. *Id.* TechRev's argument that the convenience of the witnesses and parties is "neutral" (*id.* at 16) ignores the fact that there are Peraton witnesses in the Eastern District, but there are no witnesses in the Western District. None of these or the remaining factors (fairness, compulsory process, attendance of witnesses, and sources of proof) support keeping this case in this district.

TechRev's cases do not support a different outcome. TechRev relies on *Dickson Properties, LLC v. Wells Fargo Bank, N.A.*, where this Court noted that there was at least a minimal connection to this district where a Roanoke address was listed on various loan documents that were central to the issues in the case. No. 7:16-CV-527, 2017 WL 3273380, at *3 (W.D. Va. Aug. 1, 2017). Here, there is no tie whatsoever to this district. *See U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd.*, 357 F. Supp. 2d 924, 936-37 (E.D. Va. 2005) (noting that because the chosen forum was not the plaintiff's home forum and the facts underlying plaintiff's claim bore little relation to the forum, plaintiff's choice would be given little weight); *A.E. by & through Everett v. Ashford Gateway TRS Corp. Grp., Inc.*, No. 3:18CV651, 2018 WL 6106375, at *3 (E.D. Va. Nov. 21, 2018) (granting motion to transfer to the Alexandria division where "no connection appears to

exist, much less a weak one" to Richmond); *Bass v. Carr*, No. 3:21CV147, 2021 WL 3291018, at *3 (E.D. Va. Aug. 2, 2021) ("[N]o connection appears to exist between the Richmond Division and the facts giving rise to this action. Accordingly, the Court will accord little weight to Bass's choice of forum.").

**III. The Court should decline to consider TechRev's new asserted breaches that it did not allege in Count I because they are not adequately pled**

Peraton explained in its opening papers that TechRev brought a single count for "Breach of Contract" but appeared to focus exclusively on breach of the implied covenant of good faith and fair dealing. ECF No. 18 at 12. In opposition, TechRev raises two new theories—breach of the non-solicitation clause and dispute resolution clause. ECF No. 23 at 20. TechRev argues that because Defendants' 12(b)(6) motion is limited to the alleged breach of the implied covenant of good faith and fair dealing—and does not address the new theories, these new theories are sufficiently pled. TechRev is wrong. It never pled these theories in its breach of contract count. *See id*. at (a) and (b) (citing to the Subcontract not the breach of contract count). Further, a stray reference outside of the enumerated count is insufficient to place Peraton on notice of TechRev's claims. *See Hill v. Jamestown-Yorktown Found.*, No. 4:18cv137, 2019 WL 3084242, at *3 (E.D. Va. July 15, 2019) ("[R]ather than lump[ing] together several claims for relief, the preferred practice of pleading is to state various claims for relief in separate counts ….") (second alteration in original) (internal quotation marks omitted); *see also Shank v. Fountain Power Boats*, 338 F. App'x 282, 287 (4th Cir. 2009) (affirming dismissal for breach of warranty claims where the plaintiff "ignore[d] Rule 10(b)'s mandate to state, in a separate count, each claim founded on a separate transaction or occurrence …"); *Eversole v. Ford Motor Co.*, No. 3:11cv428-DJN, 2012 WL 1161420, at *7-8 (E.D. Va. Apr. 6, 2012) (holding that the plaintiff could not raise a claim for

breach of express and implied warranty at summary judgment where "no such claim was explicitly set forth in either enumerated count").

Here, TechRev's Complaint contains a single count for Breach of Contract—and it enumerates the basis for its claimed breach in that Count. TechRev does not set forth its new theories in that count and therefore they are not adequately pled. If TechRev wishes to advance such theories, then the appropriate course of action is for TechRev to seek leave to amend and to plead them.

## IV. TechRev fails to distinguish *Skillstorm* and cannot, therefore, plausibly allege a claim for breach of the implied covenant of good faith and fair dealing

Peraton explained in its opening papers that "in Virginia, when parties to a contract create valid and binding rights, an implied covenant of good faith and fair dealing is inapplicable to those rights." ECF No. 18 at 12 (quoting *Ward's Equip., Inc. v. New Holland North America, Inc.*, 254 Va. 379, 385 (1997)). Peraton relied in particular on *Skillstorm, Inc. v. Electronic Data Systems, LLC*, 666 F. Supp. 2d 610 (E.D. Va. 2009), where the plaintiff was in the same position as TechRev—suing for damages after a prime contractor terminated its positions. *Id.*

In opposition, TechRev argues that *Skillstorm* doesn't apply because Peraton "undermined TechRev's ability to meet" TechRev's obligations. ECF No. 23 at 24. TechRev's argument begs the question of "how" Peraton allegedly did so. If Peraton had the right to remove personnel for any reason (which it did) then there can be no claim based on Peraton's exercise of its rights under the contract. Article VII of the Subcontract expressly permits Peraton to disapprove any TechRev personnel at any time and to ask TechRev to replace such personnel or "take such other action as requested by Buyer," including removal without replacement. Compl. Ex. A at Art. VII(C). This does not undermine TechRev's ability to meet TechRev's obligations—instead, it recognizes that Peraton can order less time and materials from TechRev under the subcontract, if it so chooses.

The Subcontract provides no minimum workshare or labor hours to TechRev, and does not obligate Peraton to order any amount of support. TechRev provides personnel on a "time and materials" basis where TechRev is paid for "work performed" "as ordered." Compl. Ex. A at Arts. I(A), V(A), VI. "Nothing contained herein shall be deemed or construed as obligating Buyer to order any of the services described herein[.]" Compl. Ex. A at Art. IX. Further, Peraton "may at any time terminate this Subcontract in whole or in part for its convenience," its sole obligation in such event being to pay TechRev for the actual incurred cost of the work it performed prior to termination. Compl. Ex. A, Terms and Conditions at Clause No. 31. Peraton may disapprove of TechRev personnel at any time and for any reason whatsoever. Compl. Ex. A at Art. VII(C). Peraton may (or may not) demand that TechRev replace such personnel with substitute personnel or "take such other action as requested by Buyer." *Id.* And Peraton "***in its sole discretion,*** may require Subcontractor to remove any employee ... whose performance or conduct is deemed unacceptable." Compl. Ex. A at Art. VIII(b) (emphasis added).

TechRev's allegations are, at most, that Peraton removed some of its employees and ordered less support from TechRev than Peraton could have ordered. That is not a breach of contract, and it cannot be a breach of the implied covenant of good faith and fair dealing, regardless of the asserted motive. TechRev seems to be suggesting that Peraton sought to "elicit[] [TechRev's] subsequent breach." ECF No. 23 at 24. That might be a defense to a suit by Peraton against TechRev for breach of contract—but it cannot support an affirmative action. In any event, there is no contractual obligation for TechRev to provide specific FTEs, a certain amount of labor hours, or any other guaranteed work. If Peraton dismissed TechRev's personnel, then TechRev simply does not provide the work performed by those personnel. TechRev never identifies any contractual provision requiring it to continue to provide work once Peraton removed its personnel.

The fact that Peraton had the unqualified right to remove TechRev's employees for any reason or no reason is fatal to TechRev's claim. Nothing in the Complaint comes close to a plausible showing of "bad faith" or "dishonest" conduct. As was the case in *Skillstorm*, a defendant's dismissal of personnel is not a breach of an implied covenant of good faith and fair dealing. *Skillstorm*, 666 F. Supp. 2d at 620 (holding that "no implied duty arises with respect to activity governed by express contractual terms").

## Conclusion

The Court should grant Defendants' Rule 12(b)(3) motion and dismiss the case for improper venue or transfer it to the Eastern District because there is no connection to this Court. Additionally, the Court should grant Defendants' Rule 12(b)(6) motion because Virginia does not recognize claims for breach of the covenant of good faith and fair dealing based on a Defendant acting in accordance with its express contractual rights.

Respectfully submitted,

/s/ Nicholas M. DePalma
Nicholas M. DePalma (Va. 72886)
Taylor S. Chapman (Va. 81968)
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Tysons Corner, VA 22182
(703) 905-1455 (Direct)
(703) 821-8949 (Facsimile)
nmdepalma@venable.com
tschapman@venable.com

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I certify that on this 7th day of January 2022, I caused a copy of the foregoing to be filed electronically with the Court's CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record authorized to receive notice of such filing, including:

>Thomas E. Ullrich, Esq. (VSB. No. 28737)
>Lucas I. Pangle, Esq. (VSB No. 90963)
>WHARTON ALDHIZER & WEAVER, PLC
>100 South Mason Street
>P.O. Box 20028
>Harrisonburg, VA 22801
>Email: tullrich@wawlaw.com
>           lpangle@wawlaw.com
>
>Scott D. Widerman, Esq.
>John M. Frazier, Jr., Esq.
>WILDERMAN MALEK, PL
>1900 W. New Avenue, Suite 201
>Melbourne, Florida 32904
>Email:  Scott@USLegalTeam.com
>           JFrazier@USLegalTeam.com
>
>*Counsel for TechRev*

>/s/ Nicholas M. DePalma
>Nicholas M. DePalma (Va. 72886)
>Taylor S. Chapman (Va. 81968)
>VENABLE LLP
>8010 Towers Crescent Drive, Suite 300
>Tysons Corner, VA 22182
>(703) 905-1455 (Direct)
> (703) 821-8949 (Facsimile)
>nmdepalma@venable.com
>tschapman@venable.com
>
>*Counsel for Defendants*